IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

COLUMBIA DIVISION

| Cathy G. Lanier and Randy D. Lanier, | ) | C/A No.: 3:12-416-MBS-SVH |
|---|---|---|
| Appellants, | ) | |
| vs. | ) | ORDER AND OPINION |
| Branch Bank & Trust; and Bayview Loan Servicing, LLC, | ) | |
| Appellees. | ) | |

This matter comes before the court on the motion to stay pending appeal of Cathy G. Lanier and Randy D. Lanier ("Appellants"). [Entry #3]. In the title of the motion Appellants also noted "Emergency Relief Requested." *Id*.

I.   Factual and Procedural Background

Appellants filed the instant bankruptcy appeal seeking relief from the January 3, 2012 order of United States Bankruptcy Judge John E. Waites dismissing their Chapter 13 bankruptcy case with prejudice.  This court has jurisdiction under 28 U.S.C. § 158(a)(1) to hear such an appeal. Judge Waites's order dismissing the case was based on his finding that the debt owed by Appellants to Branch Bank & Trust ("BB&T") and Bayview Loan Servicing, LLC ("Bayview") (collectively "Appellees") exceeds the limitations provided by 11 U.S.C. § 109(e), and Appellants were therefore not eligible to file a Chapter 13 case. *See* Bankruptcy Pet. No. 11-06936-jw ("Bankruptcy Case") at Entry #55. The order also states: "It is clear that [Appellants] filed the present case in bad faith and to impede Bayview's and BB&T's foreclosure sales

scheduled on November 8, 2011." *Id*. As required by Fed. R. Bankr. P. 8005, Appellants originally filed their motion to stay in the bankruptcy case, but it was denied on February 3, 2012. Bankruptcy Case at Entry #66, #75. In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., this matter was referred to United States Magistrate Judge Shiva V. Hodges for pretrial handling.

Appellants filed the instant motion on February 14, 2012, alleging that Appellees have scheduled a foreclosure sale of two of Appellants' properties for March 5, 2012. [Entry #3]. Appellants claim that the mortgages for these properties have been fully satisfied and discharged and that allowing the sale to occur will cause irreparable harm, as Appellants use the properties in their businesses. [Entry #3-1]. On February 16, 2012, the Magistrate Judge issued an order directing Appellees to file any opposition briefing by February 24, 2012. [Entry #7]. Appellees timely filed a memorandum and this matter is ripe for disposition. [Entry #11]. On February 28, 2012, Appellants filed an "Emergency Motion to Stay Pending Appeal - Decision Needed No Later Than March 2, 2012" in which they reassert their claims for relief. [Entry #15].

Given the time restrictions, the court concludes that expediency mandates Appellant's motion no longer be referred to the Magistrate Judge. Accordingly, no Report and Recommendation will issue and the court will dispose of Appellants' motions herein.

II. Discussion

   A. Standard of Review

As Appellants seek injunctive relief, it appears their motion to stay is most akin to a motion for a preliminary injunction. A party seeking a preliminary injunction must establish all four of the following elements: (1) he is likely to succeed on the merits; (2) he is likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in his favor;

2

and (4) an injunction is in the public interest. *Winter v. Natural Resources Defense Council, Inc.*, --- U.S. ----, ----, 129 S. Ct. 365, 374 (2008); *The Real Truth About Obama, Inc. v. Federal Election Comm'n*, 575 F.3d 342, 346–47 (4th Cir. 2009), *overruling Blackwelder Furniture Co. of Statesville v. Seilig Mfg. Co.*, 550 F.2d 189 (4th Cir. 1977).[1] A plaintiff must make a clear showing that he is likely to succeed on the merits of his claim. *Winter*, 129 S. Ct. at 376; *Real Truth*, 575 F.3d at 345–46. Similarly, he must make a clear showing that he is likely to be irreparably harmed absent injunctive relief. *Winter*, 129 S. Ct. at 374–76; *Real Truth*, 575 F.3d at 347. Only then may the court consider whether the balance of equities tips in the party's favor. *See Real Truth*, 575 F.3d at 346–47.[2] Finally, the court must pay particular regard to the public consequences of employing the extraordinary relief of injunction. *Real Truth*, 575 F.3d at 347 (quoting *Winter*, 129 S. Ct. at 376–77).

B. Analysis

Here, Appellants are unable to show that there is a likelihood that they will succeed on the merits. In their memorandum in support of their motion, Appellants argue as follows:

> The Laniers have provided information showing that these debts were paid via a private contract between another Creditor and the CFO's of these respective banks. To date, there has not been a definitive ruling that these contracts are not

---

[1] Although the original decision in *Real Truth* was vacated by the Supreme Court for further consideration in light of the decision in *Citizens United v. Federal Election Commission*, — U.S. —, 130 S.Ct. 876 (2010), the Fourth Circuit reissued its opinion on Parts I and II of its earlier opinion in the case, 575 F.3d at 345–347, stating the facts and articulating the standard for the issuance of preliminary injunctions, before remanding it to the district court for consideration in light of *Citizens United*. *See The Real Truth About Obama, Inc. v. Federal Elections Comm'n*, 607 F.3d 355 (4th Cir. 2010).

[2] Based on *Winter*, the *Real Truth* Court expressly rejected and overruled *Blackwelder*'s sliding scale approach that formerly allowed a plaintiff to obtain an injunction with a strong showing of a probability of success even if he demonstrated only a possibility of irreparable harm. *Real Truth*, 575 F.3d at 347; *Winter*, 129 S. Ct. at 375-76.

> valid, but only opinions of individuals asserting "they do not believe" these contracts to be valid. Because that erroneous belief is being used to dismiss the Laniers' valid bankrupcy case, the Creditor who entered into these contracts with the banks is seeking a higher court's decision that will, once and for all, verify the validity of these contracts and determine that these debts have been lawfully discharged. Therefore, the Laniers believe they will prevail upon the merits of their Appeal, once this information can be brought to light.

[Entry #3-1 at 1–2]. However, Appellants do not attach any of the information they allege show the debt was paid.

Additionally, Appellants cannot show a likelihood of success on the merits because courts have previously ruled adversely to them on these issues. For instance, courts have made findings adverse to Appellants about the mortgages at issue in the following orders: (1) Bayview's Judgment of Foreclosure and Sale filed on September 20, 2011 [Entry #11 at 47]; (2) BB&T's Judgment of Foreclosure and Sale filed on October 7, 2011 (*id*. at 56); (3) Bayview's Supplemental Judgment of Foreclosure and Sale filed on January 31, 2012 (*id.* at 67); (4) and BB&T's Supplemental Judgment of Foreclosure and Sale dated January 24, 2012 (*id*. at 87). The *Rooker-Feldman* doctrine bars this court from attacking the conclusions of the state courts regarding the validity of the mortgages held by Appellees. *Brown & Root. Inc. v. Breckenridge*, 211 F.3d 194, 198 (4th Cir. 2000) (the *Rooker–Feldman* doctrine prevents Plaintiff "from seeking what in substance would be appellate review of the state judgment in a United States District Court, based on the losing party's claim that the state judgment itself violates the loser's federal rights."). Further, U.S. Bankruptcy Judge David R. Duncan reached the same conclusion regarding the Appellants' ineligibility for Chapter 13 in an order dated November 7, 2011. [Entry #11 at 72]. According to Appellees, none of these judgments has been appealed. *Id*. at 4.

Appellants also argue that they will be irreparably harmed if this court does not grant a stay of proceedings. Appellants claim that they use the properties in question in their respective

businesses (although they do not specify the nature of the businesses). Appellants contend they are trying to rebuild their businesses and that a sale will result in the "final nail in the coffin." [Entry #3-1 at 2]. However, Appellants provide no further information or any specifics on how they will be irreparably harmed if the foreclosure sales, which were originally scheduled to go forward on November 8, 2011, are allowed to proceed.

Appellants have also failed to meet their burden of proving that the balance of equities tips in their favor. Although Appellants argue that Appellees may incur more expenses if a stay is not entered, they do not address how Appellees' additional financial costs affects Appellants' right to a stay. With regard to the public interest, Appellants argue that further fact-finding is needed and the public has an interest in the most efficient resolution. However, in considering this argument, the court notes that Appellants have litigated this issue in various courts that have thoroughly explored the facts appertaining to Appellants' claims. In the court's view, the public interest favors final resolution of this matter.

Because Appellants have not demonstrated a likelihood of success on the merits or more than a possibility of irreparable harm, and because the balance of the equities and the public interest involved do not warrant the extraordinary remedy of injunctive relief, Appellants' motion to stay is denied.

III.  Conclusion

For the foregoing reasons, it is recommended that Appellants' motions for a stay [Entries #3, 15] are denied. The matter is recommitted to the Magistrate Judge for additional pretrial

handling.

**IT IS SO ORDERED**.

/s/ Margaret B. Seymour
Chief United States District Judge

Columbia, South Carolina

February 28, 2012.