IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Cathy G. Lanier, Randy D. Lanier, | ) |
| | ) C/A No. 3:12-0416-MBS-SVH |
| Appellants, | ) |
| | ) |
| vs. | ) |
| | ) **O R D E R** |
| Branch Bank & Trust; and Bayview Loan Servicing, LLC, | ) |
| | ) |
| Appellees. | ) |

    Appellees Branch Bank & Trust and Bayview Loan Servicing, LLC are holders of certain commercial notes and mortgages executed by Appellants Cathy G. Lanier and Randy D. Lanier. Appellees obtained judgments and decrees of foreclosure in the Court of Common Pleas for Lexington County, South Carolina, in the fall of 2011. ECF Nos. 13-4, 13-5. Appellants filed for relief under the United States Bankruptcy Code. However, by order dated November 7, 2011, United States Bankruptcy Judge David R. Duncan granted a motion to dismiss Appellants' bankruptcy case on the grounds that the amount of Appellants' secured and unsecured debt exceeds the limitations provided by 11 U.S.C. § 109(e), so that Appellants are not eligible for relief under Chapter 13 of the Bankruptcy Code. ECF No. 13-8. Foreclosure sales of the property were scheduled for November 8, 2011.

    On November 8, 2011, Appellants filed a second bankruptcy case. On January 3, 2012, Chief Bankruptcy Judge John E. Waites issued an order dismissing the case with prejudice. Judge Waites concluded that Appellants had filed the second bankruptcy case in bad faith and to impede Appellee's foreclosure sales. Judge Waites further noted that the documents submitted by Appellants at a hearing had no legal effect, and that their assertion of payment had been rejected by Judge

Duncan and in state court.  ECF No. 13-6, 13, 14.  As a consequence, Appellees obtained supplemental judgments and decrees of foreclosure.  ECF Nos. 13-6, 13-7.  A foreclosure sale on the properties now is scheduled to take place on Monday, March 5, 2012.

Appellants, proceeding pro se, filed an appeal from the bankruptcy judge's order on February 14, 2012.  Also on February 14, 2012, Appellants filed a motion to stay the foreclosure sale.  ECF No. 3.  Appellees filed a response in opposition on February 24, 2012.  Appellants filed a second motion to stay on February 28, 2012.  On February 28, 2012, the court issued an order denying the stay, noting that Appellants did not meet their burden of establishing entitlement to such injunctive relief.  See Winter v. Natural Res. Defense Council, Inc., 129 S. Ct. 365, 374 (2008).  Specifically, the court noted that Appellants failed to make a clear showing that they are likely to succeed on the merits of their claim.  This matter now is before the court on Appellants' emergency motion to reconsider denial of their motion to stay, which motion was filed on March 1, 2012.  See Fed. R. Civ. P. 59(e).

Although Rule 59 addresses grounds for new trials, some courts have reasoned that the concept of a new trial under Rule 59 is broad enough to include a rehearing of any matter decided by the court without a jury.  11 Wright & Miller, Federal Practice & Procedure § 2804.  Notwithstanding the broad nature of Rule 59, motions for reconsideration are disfavored.  They are not a matter of routine practice.  Settino v. City of Chicago, 642 F. Supp. 755, 759 (N.D. Ill. 1986).  Several courts have observed that they are neither expressly cognizable under the Federal Rules of Civil Procedure nor authorized by the local rules of the district court.  See, e.g., Fisher v. Samuels, 691 F. Supp. 63, 74 (N.D. Ill. 1988).

Motions for reconsideration are inappropriate merely to introduce new legal theories or new

evidence that could have been adduced during the pendency of the prior motion. Keene Corp. v. International Fidelity Ins. Co., 561 F. Supp. 656 (N.D. Ill.), aff'd, 736 F.2d 388 (7th Cir. 1982). The Fourth Circuit recognizes only three limited grounds for a district court's grant of a motion under Rule 59(e): (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available earlier; or (3) to correct a clear error of law or prevent manifest injustice. Hutchinson v. Staton, 994 F.2d 1076 (4th Cir. 1993). The Fourth Circuit has emphasized that counsel's mere disagreement with the court's ruling does not warrant a Rule 59(e) motion. Id. (citing Atkins v. Marathon LeTourneau Co., 130 F.R.D. 625, 626 (S.D. Miss. 1990)).

Appellants assert, as they have in state court and before the bankruptcy court, that the notes and mortgages held by Appellees are invalid and/or have been discharged. Appellants assert that they require additional fact-finding to prove their contention, and that they will be irreparably harmed by a sale of their properties. As the court previously noted, both the state court and the bankruptcy court previously have ruled adversely to Appellants as to their contention. Nevertheless, the court has thoroughly reviewed the record and Appellants' arguments. For the reasons set forth in its order of February 28, 2012, the court again concludes that Appellants cannot meet their burden under Winter.

Appellants have not established an intervening change in controlling law; new evidence, or a clear error of law. Appellants' motion to reconsider (ECF No. 22) is **denied**.

**IT IS SO ORDERED**.

/s/ Margaret B. Seymour  
United States District Judge

Columbia, South Carolina  
March 2, 2012.