IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Cathy G. Lanier and Randy D. Lanier, ) | C/A No.: 3:12-416-MBS-SVH |
| ) | |
| Appellants, ) | |
| ) | |
| vs. ) | REPORT AND RECOMMENDATION |
| ) | |
| Branch Bank & Trust, Bayview Loan ) | |
| Servicing LLC, ) | |
| ) | |
| Appellees. ) | |
| ) | |

This matter comes before the court on the *pro se* appeal by Cathy G. Lanier and Randy D. Lanier ("Appellants") of the January 3, 2012 order of the United States Bankruptcy Court's Chief Judge John E. Waites dismissing their Chapter 13 bankruptcy case (No. 11-06936-jw) with prejudice ("Order") [Entry #29-1]. [Entry #1]. The record on appeal [Entry #27–#30] and briefing [Entry #21, #25] having been filed, this matter is ripe for disposition.

In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02(B)(2)(e) D.S.C., this matter was referred to the undersigned United States Magistrate Judge for pretrial handling. For the reasons that follow, it is recommended that the court affirm the Bankruptcy Court's order and dismiss this appeal.

I.     Factual and Procedural Background

Prior to Appellants' instant bankruptcy appeal of a second Chapter 13 bankruptcy, there were two prior state court foreclosure actions that resulted in two judgments of foreclosure and two supplemental judgments of foreclosure. Specifically, Appellants

executed commercial notes and mortgages held by Appellees Branch Bank & Trust ("BB&T") on 220 West Main Street, Lexington, SC 29072, and by Bayview Loan Servicing, LLC ("Bayview") on 1324 North Lake Drive, Lexington, SC 29072. In 2011, Appellees obtained separate judgments of foreclosure in the Court of Common Pleas for Lexington County, South Carolina. [Entry # 13-4 (Bayview Judgment of Foreclosure dated September 12, 2011); #13-5 (BB&T Judgment of Foreclosure dated September 30, 2011]. Foreclosure sales of the properties were scheduled for November 8, 2011.

On November 3, 2011, Appellant Randy Lanier filed for Chapter 13 relief under the Bankruptcy Code (under case No. 11-06828-dd). By order dated November 7, 2011, United States Bankruptcy Judge David R. Duncan granted Appellee's emergency motion to dismiss the bankruptcy case because the amount of the secured and unsecured debt exceeded the limitations provided by 11 U.S.C. § 109(e), such that Chapter 13 relief was not available. [Entry #13-8].   No appeal was taken from this order.

On November 8, 2011, Appellants filed a second bankruptcy case. After holding a hearing in which Appellants acknowledged that there had been no change in their financial circumstances since the dismissal of the first bankruptcy case, Judge Waites issued his Order dismissing the case with prejudice, finding that the amount of the secured and unsecured debt exceeded the limitations provided by 11 U.S.C. § 109(e), such that Chapter 13 relief was not available. [Entry #28-13]. The Order also concluded that Appellants had filed the second bankruptcy case in bad faith and to impede Appellee's foreclosure sales. *Id.* at 3. Judge Waites further noted that the documents submitted by Appellants at a

2

hearing had no legal effect, and that their assertion of payment had been rejected by Judge Duncan and in state court. *Id.* Thereafter, Appellees obtained supplemental judgments of foreclosure. [Entry #13-6, #13-7]. The foreclosure sales were scheduled for March 5, 2012. [Entry #25 at 5].

In the Bankruptcy Court, Appellants filed a notice of appeal of the Order on January 17, 2012 [Entry #28-18], together with a motion to stay the foreclosure sales pending their appeal [Entry #29-13]. The Bankruptcy Court denied the motion to stay. [Entry #29-8]. The notice of appeal from the Bankruptcy Court was docketed in this court on February 14, 2012 [Entry #1], together with Appellants' motion to stay [Entry #3]. This court likewise denied Appellants' motion for a stay by order filed February 28, 2012 [Entry #18] and denied Appellants' motion to reconsider by order dated March 2, 2012 [Entry #23]. According to the Appellees' brief, the foreclosure sales were held and the properties were sold on March 5, 2012.[1] [Entry #25 at 5].

A review of Appellants' bankruptcy schedules reveals secured debt of $2,884.025. [Entry #27-1 at 8]. The following unappealed orders and judgments established the secured debt:

---

[1] Appellants filed a separate action in this court on March 2, 2012 (under C/A No.: 3:12-628-MBS-SVH), asserting multiple causes of action against Appellees and others. [Entry#1 in 12-628]. The court denied Appellants' request for a TRO by order dated March 5, 2012. [*Id.* at Entry #8]. Appellants appealed the court's denial of the TRO to the Fourth Circuit Court of Appeals [*Id.* at Entry #16], which appeal was dismissed [*Id.* at Entry #33]. There are currently four motions to dismiss pending in the separately-filed action. [Entry #60, #65, #71, and #74].

- Bayview Judgment of Foreclosure dated September 12, 2011 [Entry #13-4];
- BB&T Judgment of Foreclosure dated September 30, 2011 [Entry #13-4];
- Bayview Supplemental Judgment of Foreclosure dated January 24, 2012 for total debt of $935,267.53 [Entry #13-6 at 5]; and
- BB&T Supplemental Judgment of Foreclosure dated January 24, 2012 for total debt of $856,363.33 [Entry #13-7 at 4].

Appellees argue that, as this court has noted in its prior orders denying a stay, the prior unappealed state court orders cannot be collaterally attacked. Further, Appellees argue that those orders establish the amount of secured debt is in excess of the jurisdictional limit and support the dismissal of this case. The undersigned agrees.

II. Discussion

    A. Standard of Review

Under 28 U.S.C. § 158(a), a district court has jurisdiction to hear appeals of final judgments, orders, and decrees of the Bankruptcy Court. On appeal from the Bankruptcy Court, the district court acts as an appellate court and reviews the Bankruptcy Court's findings of fact for clear error, and it reviews the conclusions of law *de novo. In re: Merry-Go-Round Enterprises,* 400 F.3d 219, 224 (4th Cir. 2005). A factual finding is clearly erroneous when, even if there is evidence to support it, the reviewing court is left with the definite and firm conviction that a mistake has been committed. *Anderson v. City of Bessemer City,* 470 U.S. 564, 573 (1985). The district court may affirm, modify, or reverse a Bankruptcy Judge's order, or remand with instructions for further proceedings. *See* Fed. R. Bankr. P. 8013.

The undersigned has reviewed the record and briefing and recommends the district judge deny Appellants' request for oral argument [Entry #21 at 5] as not necessary in light of the adequate presentation contained therein. *Id.* at 8012. ("Oral argument shall be allowed in all cases unless the district judge determines after examination of the briefs and record, or appendix to the brief, that oral argument is not needed. . . . Oral argument will not be allowed if (1) the appeal is frivolous; (2) the dispositive issue or set of issues has been recently authoritatively decided; or (3) the facts and legal arguments are adequately presented in the briefs and record and the decisional process would not be significantly aided by oral argument.").

Appellants are *pro se* litigants, and thus their pleadings are accorded liberal construction. *Hughes v. Rowe,* 449 U.S. 5, 9 (1980). However, a court may not construct a party's legal arguments for him, *Small v. Endicott,* 998 F.2d 411, 417–418 (7th Cir. 1993), nor should it "conjure up questions never squarely presented," *Beaudett v. City of Hampton,* 775 F.2d 1274, 1278 (4th Cir.1985).

B.  Analysis

In their brief, Appellants outline seven statements of issues, which are grouped and discussed below.

1.  Issues One and Two

Liberally construed, Appellants appear to allege in Issues One and Two that the Bankruptcy Court abused its discretion in granting the Appellee's motion to dismiss and committed clear error in denying Appellants' petition to dismiss the motion and in

disregarding their response and objection to the motion. [Entry #21 at 7]. Because these allegations fail to provide any factual grounds or applicable legal authority, they provide no basis to reverse the Order.

        2.        Issues Three, Four, and Five

In Issues Three, Four and Five, Appellants allege that the mortgages have been discharged. [Entry #21 at 7]. Specifically, Appellants appear to allege that the Bankruptcy Court committed clear error in (a) disregarding their "written testimony (via signed Schedules)" and in denying them their due process by failing to require the banks to submit legal bases for their claims; (b) finding that the Foreign Judgment Liens were invalid; and (c) allowing lower court's and the banks' counsel's opinions as to the discharge documents' and liens' validity to be considered without providing any bases in law for those opinions and claims.

Because these assertions would require the court to attack the conclusions of the state courts regarding the validity of the underlying mortgages, Appellants' arguments fail as a violation of the *Rooker-Feldman* doctrine. *See Brown & Root v. Breckenridge*, 211 F.3d 194, 198 (4th Cir. 2000) (the *Rooker-Feldman* doctrine prevents Plaintiff "from seeking what in substance would be appellate review of the state judgment in a United States District Court, based on the losing party's claim that the state judgment itself violates the loser's federal rights") (internal citation omitted).   Further, the record reveals that Judge Duncan reached the same conclusions regarding the Appellants' ineligibility for Chapter 13 by his order dated November 7, 2011. [Entry #13-8].   Appellants' failure to

challenge the findings in that order imperils their position here. Appellants' argument provides no basis for overturning the Order.

        3.    Issue Six

Appellants' Issue Six alleges that the Bankruptcy Court committed clear error in giving unfair advantage to Appellees by delaying a hearing to give counsel for the Appellees an opportunity to arrive. [Entry #21 at 7]. Specifically, Appellants complain that the Judge Waites delayed the hearing by "nearly ½ hour" after his staff contacted Appellees' counsel to see if they were going to attend the hearing. [Entry #21 at 22]. Because there is no record of this matter having been raised to or ruled upon by the trial court, it is not preserved for review. Issues raised for the first time on appeal are generally not considered absent exceptional circumstances. *See Williams v. Professional Transp.,* 294 F.3d 607, 614 (4th Cir. 2002). An issue may be considered for the first time on appeal "in very limited circumstances, such as where refusal to consider the newly-raised issue would be plain error or would result in a fundamental miscarriage of justice." *See Muth v. United States,* 1 F.3d 246, 250 (4th Cir.1993) (internal citation omitted). This is not such a case. The grant or denial of a continuance is left to the trial judge's discretion. *Havee v. Belk,* 775 F.2d 1209, 1223 (4th Cir.1985). Any failure to raise the issue was an error in judgment on Appellant's part, not plain error by the Bankruptcy Court. Furthermore, Appellants have failed to make a showing that they were prejudiced by the court's brief delay in proceeding with the hearing or the motion to dismiss. The undersigned

recommends finding that the Bankruptcy Court did not abuse its discretion in granting a brief delay. This issue does not provide a basis for reversing the Order.

       3.     Issue Seven

Appellants' Issue Seven alleges that the Bankruptcy Court acted prematurely by dismissing the second bankruptcy case because "further fact-finding was necessary to determine the outcome." [Entry #21 at 8]. As noted above, the *Rooker-Feldman* doctrine bars a collateral attack on the state court foreclosure judgments. No new facts can change the state courts' rulings on the validity of the Appellees' mortgages. Therefore, this issue provides no basis for reversing the Order.

III.     Conclusion

For the foregoing reasons, it is recommended that the court affirm the Bankruptcy Court's January 3, 2012 Order dismissing their Chapter 13 bankruptcy case with prejudice.

IT IS SO RECOMMENDED.

*Shiva V. Hodges*

January 30, 2013                               Shiva V. Hodges
Columbia, South Carolina                 United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).