IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Cathy G. Lanier and Randy D. Lanier, ) | |
| ) | C/A No. 3:12-0416-MBS |
| Appellants, ) | |
| ) | |
| vs. ) | |
| ) | **O R D E R** |
| Branch Bank & Trust, Bayview Loan ) | |
| Servicing, LLC, ) | |
| ) | |
| Appellees. ) | |
| _____) | |

This matter is before the court on appeal from the United States Bankruptcy Court for the District of South Carolina. The court has jurisdiction pursuant to 28 U.S.C. § 158(a).

I. <u>FACTS AND PROCEDURAL BACKGROUND</u>

Appellees Branch Bank & Trust and Bayview Loan Servicing, LLC are holders of certain commercial notes and mortgages executed by Appellants Cathy G. Lanier and Randy D. Lanier. Appellees obtained judgments and decrees of foreclosure in the Court of Common Pleas for Lexington County, South Carolina, in the fall of 2011. Appellant Randy D. Lanier filed for relief under the United States Bankruptcy Code. However, by order dated November 7, 2011, United States Bankruptcy Judge David R. Duncan granted a motion to dismiss Appellant Randy Lanier's bankruptcy case on the grounds that the amount of Appellants' secured and unsecured debt exceeds the limitations provided by 11 U.S.C. § 109(e), so that Appellant Randy D. Lanier was not eligible for relief under Chapter 13 of the Bankruptcy Code. Foreclosure sales of the property were scheduled for November 8, 2011.

On November 8, 2011, Appellants jointly filed a second bankruptcy case. On January 3, 2012, Chief Bankruptcy Judge John E. Waites issued an order dismissing the case with prejudice.

Judge Waites concluded that Appellants had filed the second bankruptcy case in bad faith and to impede Appellees' foreclosure sales. Judge Waites further noted that certain documents submitted by Appellants at a hearing on November 19, 2012 had no legal effect, and that their assertion of payment had been rejected by Judge Duncan and in state court.[1] As a consequence, Appellees obtained supplemental judgments and decrees of foreclosure. Foreclosure sales were scheduled for March 5, 2012.

Appellants filed a notice of appeal in bankruptcy court on January 17, 2012, along with a motion to stay the pending foreclosure sales. Appellants' motions were denied. The notice of appeal from the bankruptcy court was docketed in this court on February 14, 2012. Also on February 14, 2012, Appellants filed in this court a motion to stay the foreclosure sale.

In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., this matter was referred to United States Magistrate Judge Shiva V. Hodges for pretrial handling. The Magistrate Judge filed an order on February 16, 2002 directing Appellants to file their brief within fourteen days, and further directing Appellees to file their brief within fourteen days thereafter. On February 28, 2012, Appellants filed a second motion to stay. Also on February 28, 2012, the court issued an order denying the stay, noting that Appellants did not meet their burden of establishing entitlement to such injunctive relief.

Appellants filed their brief on February 29, 2012. On March 1, 2012, Appellants filed a

---

[1] Appellants contend that their debts were discharged by certain "International Private Contracts" and bonds sent to Appellees along with "explicit instructions as to how to monetize these bonds and thereby pay off these debts to a zero balance." ECF No. 21, 15. After no response was received from Appellees, certain "Notices of Foreign Judgment Lien & Affidavit" were filed in the Office of the Clerk of Court for Lexington County, South Carolina. The Notices refer to purported Uniform Commercial Code filings were made by James Chappell Dew, Jr., "Authorized Representative for Debtor(s)," in the states of South Carolina and Washington.

motion to reconsider, which motion was denied by order filed March 2, 2012. The court is informed that the foreclosure sales were held and the properties sold as scheduled on March 5, 2012. Appellees filed their brief on March 14, 2012.

On January 30, 2013, the Magistrate Judge issued a Report and Recommendation in which she observed that Appellants' bankruptcy schedules reveal a total secured debt of $2,884,025. She further noted that the secured debt at issue herein is established by the following unappealed orders and judgments:

- Bayview Judgment of Foreclosure dated September 12, 2011
- BB&T Judgment of Foreclosure dated September 30, 2011
- Bayview Supplemental Judgment of Foreclosure dated January 24, 2012 for a total debt of $935,267.53
- BB&T Supplemental Judgment of Foreclosure dated January 24, 2012 for a total debt of $856,363.33.

The Magistrate Judge analyzed Appellants' contentions of error, and determined that Appellants provided no basis for reversing Judge Waites' January 3, 2012 order dismissing Appellants' bankruptcy case with prejudice. Appellants filed objections to the Report and Recommendation on February 19, 2013.

## II.  STANDARD OF REVIEW

A bankruptcy court's findings of fact are reviewed under the clearly erroneous standard of review. Zack v. United States, 224 B.R. 601, 603 (Bankr. E.D. Mich. 1998). A bankruptcy court's conclusions of law are reviewed de novo. Id. On appeal the district court may affirm, modify, or reverse a bankruptcy judge's judgment, order, or decree, or remand with instructions for further proceedings. Fed. R. Bankr. P. 8013.

III.  DISCUSSION

Appellants raise seven issues for review:

1. Whether the Bankruptcy Court in granting Branch Banking and Trust Company's and Bayview Loan Servicing, LLC's (the "the Banks") Joint Motion to Dismiss ("JMD") abused its discretion.

2. Whether the Bankruptcy court committed clear error in denying Cathy G Lanier and Randy D Lanier's ("the Laniers") Petition to Dismiss the Banks' JMD and disregarding their Response and Objection to the JMD.

3. Whether the Bankruptcy court committed clear error in disregarding the written testimony (via signed Schedules) of Appellants and denied them their due process by failing to require the Banks to submit legal bases for their claims.

4. Whether the Bankruptcy Court committed clear error in finding that the Foreign Judgment Liens (Exhibits 1 and 2) were invalid.

5. Whether the Bankruptcy Court committed clear error in allowing lower court's and the Banks' counsel's opinions as to the discharge documents' and liens' validity to be considered without providing any bases in law for those opinions.  Further, whether the Bankruptcy Court committed clear error in failing to require the Banks to provide legal bases for their claims.

6. Whether the Bankruptcy Court committed clear error in giving unfair advantage to the Banks by delaying hearing while the Banks' counsel were located and had an opportunity to arrive.  Whether this represents a different and biased standard of treatment of creditors vs. debtors.

7. Whether the Bankruptcy Court acted prematurely by dismissing Appellants' case when further fact-finding was necessary to determine the outcome. Whether this action has lead to subsequent actions that will cause Appellants irreparable harm.

Appellant's Opening Brief 3, ECF No. 21-7.

A.   Magistrate Judge's Report and Recommendation

The Magistrate Judge grouped Issues 1 and 2 together as alleging the Bankruptcy Court abused its discretion in granting Appellee's motion to dismiss and committed clear error in denying

Appellants' petition to dismiss the motion. The Magistrate Judge concluded that these allegations failed to provide any factual grounds or applicable legal authority, and thus provided no basis to reverse Judge Waites' order.

As to Issues 3, 4, and 5, the Magistrate Judge observed that Appellants allege the mortgages at issue have been discharged. The Magistrate Judge determined that Appellants' assertions would require the court to attack the conclusions of the state courts regarding the validity of the underlying mortgages, in contravention of the Rooker-Feldman doctrine. See Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923), and District of Columbia Ct. of Appeals v. Feldman, 460 U.S. 462 (1983) (holding that lower federal courts lack jurisdiction to hear "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments"). The Magistrate Judge further noted that Appellants had failed to appeal Judge Duncan's order rejecting their assertion that the mortgages had been paid. Judge Duncan's ruling therefore is the law of the case. See Shepard v. Irving, 77 F. App'x 615 (4th Cir. 2003 (citing United States v. Aramony, 166 F.3d 655, 661 (4th Cir.1999) ( "[W]hen a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case.").

Regarding Issue 6, the Magistrate Judge noted that Judge Waites delayed a hearing to give counsel for Appellees an opportunity to arrive. The Magistrate Judge also noted that there is no record of the matter having been raised to or ruled on by Judge Waites, and thus the issue was not preserved for appellate review. See Holland v. Big River Minerals Corp., 181 F.3d 597 (4th Cir. 1999) (citing cases). Further, the Magistrate Judge found that Judge Waites did not abuse his discretion in granting a brief delay.

Finally, regarding Issue 7, the Magistrate Judge determined that the Rooker-Feldman doctrine bars a collateral attack on the state court foreclosure judgments, and that no new facts can change the state court's rulings on the validity of Appellees' mortgages. Accordingly, the Magistrate Judge recommended that the court affirm Judge Waites' January 3, 2012 order dismissing Appellants' Chapter 13 bankruptcy case with prejudice.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility for making a final determination remains with this court. Mathews v. Weber, 423 U.S. 261, 270 (1976). This court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge. 28 U.S.C. § 636(b)(1). This court may also receive further evidence or recommit the matter to the Magistrate Judge with instructions. Id.

B.    Appellants' Objections to the Report and Recommendation

Appellants first take issue with the Magistrate Judge's recitation of the facts. Appellants argue that they did not act in bad faith in initiating a second Chapter 13 proceeding because they wished to "do everything in their power to protect their properties and ensure justice is done." Objection to Report and Recommendation 2, ECF No. 37, 2. Appellants again assert that Judge Waites' finding related to the International Private Contracts and related documents "was done so without due process, legal basis or proof of any sort." Id. According to Appellants, they were denied the right to face their creditors and dispute any claims in Bankruptcy Court.

Essentially, Appellants claim the benefit of unilateral contracts submitted to Appellees. A unilateral contract occurs when there is only one promisor and the other party accepts, not by mutual promise, but by actual performance. Sauner v. Pub. Serv. Auth., 582 S.E.2d 161, 165-66 (S.C.

2003). Here, there is no evidence of actual performance by Appellees. The documents relied upon by Appellants are without legal effect. Judge Waites did not err in dismissing Appellants' Chapter 13 proceeding when the validity of the debts had been established in state court, and Appellants asserted no viable defense to set aside the mortgages. Appellants' objection is without merit.

According to Appellants, Appellees "have been allowed by the courts in Lexington County to steal the property of the Laniers without adhering to any of the basic tenets of legal proof of claim, standing or that they have suffered any damages at the hands of the Laniers." Id. Appellants seek to collaterally attack the state court foreclosure judgments. Under Rooker-Feldman, the court is without jurisdiction to consider such claims.

Appellants next assert that Rooker-Feldman does not apply to the case at bar. Appellants contend that they were denied due process in state court, and that, if they "had been afforded their rights to prove that nothing was owed [on] the two mortgages in question, there would have been no issue with the debt ceiling of their [Chapter 13] filing." ECF No. 37, 4. Appellants state that no plaintiff in the state court foreclosure actions proved standing or injury, and that the state court rulings were based on hearsay. Again, Appellants' collateral attack on the state court judgments is specifically what Rooker-Feldman prohibits. Appellants' remedy, if they were dissatisfied with the state court rulings, was to appeal those rulings through the state system to the South Carolina Supreme Court or Court of Appeals. See S.C. App. Ct. R. 201. Appellants' objection is without merit.

Finally, Appellants assert that Judge Waites' decision to delay proceedings to allow Appellees time to appear was "tantamount to a 'good old boy's' club where the lawyers always win, whether they are in the right or not." ECF No. 37, 7. Appellants contend that "[t]here appears to

be a serious denial of justice just because a filer chooses, for whatever reasons, usually financial, not to retain an attorney to represent them." Id.  As noted herein above, Appellants raised no contemporaneous objection to Judge Waites when he recessed the hearing.  See Transcript 3, ECF No. 30-1.  Thus, the issue is not preserved for appellate review.  In any event, Appellants' allegations of bias are without merit.  The state court proceedings establishing the validity of the mortgages were not appealed and cannot now be challenged.  Judge Duncan's finding that the amount of Appellants' secured and unsecured debt exceeds the limitations provided by 11 U.S.C. § 109(e) was not appealed and is the law of the case.  Further, the documents purporting to satisfy Appellees' judgments are without legal significance.  Thus, Judge Waites did not err in subsequently finding that Appellees' judgments were valid and that Appellants' secured and unsecured debt exceeds the limitations provided by 11 U.S.C. § 109(e)

## IV.  CONCLUSION

The court adopts the Report and Recommendation of the Magistrate Judge.  For the reasons stated herein and in the Report and Recommendation, the court affirms Judge Waites' January 3, 2012 Order dismissing Appellants' Chapter 13 bankruptcy case with prejudice.

**IT IS SO ORDERED**.

/s/ Margaret B. Seymour
Senior United States District Judge

Columbia, South Carolina

March 21, 2013.